GEYER v. BREWSTER et al. (No. 1.)

*(Supreme Court, General Term, First Department. November 23, 1888.)*

PAYMENT—EVIDENCE—SURRENDER OF NOTES.

The notes in suit were loaned to G. Bros., and by them discounted at a bank, where they were protested for non-payment. Subsequently the same accommodation parties gave G. Bros. other notes, with which to take up and cancel the former. G., one of the firm, went with plaintiff to the bank; and, upon plaintiff's delivering to it a sum of money, the notes in suit were handed over to G., who kept them several months before plaintiff got them. It did not appear that they were canceled. At the same time plaintiff received from the bank an assignment of a judgment against G. Bros., reciting that the judgment was for a certain sum, but containing nothing to show that the notes were merged in it. The date of its rendition was prior to the maturity of two of the notes. *Held,* that the evidence showed a payment of the notes, and not a sale to plaintiff.

Appeal from judgment on report of referee.

This was an action by Adam Geyer against Henry D. Brewster and others, on three promissory notes. There was a judgment for defendants, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*A. Edward Woodruff,* for appellant. *J. L. Bennett,* for respondents.

MACOMBER, J.   The three notes in question were made by the defendants Brewster & Becker, and indorsed by the defendants Lawrence Bros.' Co. and Henry E. Lawrence, and Lawrence Bros.' Co. delivered them so indorsed to a firm known as Geyer Bros., composed of Phillip and Frank Geyer.   Geyer Bros. were indebted at the time of the making of these notes in suit, to Lawrence Bros.' Co., and were unable to meet such indebtedness; whereupon Lawrence Bros.' Co. loaned them this paper, to enable them to meet their obligations. The notes so loaned had been received by the Lawrence Bros.' Co. from their customers Brewster & Becker in the ordinary course of business, so far as appears.   The amount of the indebtedness of Geyer Bros. to the Lawrence Bros.' Co. was much larger than the aggregate of the three notes embraced in this action.   Geyer Bros. had the notes discounted at the National Bank of Rahway, N. J., which bank held them at the time of their maturity, respectively, and caused them to be severally protested for non-payment.   A few months subsequently to the dishonor of the notes they found their way into the possession of the plaintiff Adam Geyer, through Phillip Geyer, one of the firm of Geyer Bros.   It is at this point of the case that the material evidence offered by the respective parties is directed.   It appears that after the maturity of the notes five other promissory notes were made by the defendants Brewster & Becker, which were likewise indorsed by the Lawrence Bros.' Co. and Henry E. Lawrence, the latter of whom was an accommodation indorser upon all of the paper, and the same were placed in the hands of Phillip Geyer under an agreement on his part by which he should take up and cancel the three notes for which this action is brought.   Phillip did not, in form at least, cause the three notes in the action to be canceled.   But there was a time when he and the plaintiff went to the National Bank of Rahway, and upon the plaintiff's delivering to the bank a considerable sum of money, at least several thousands of dollars, the bank parted with this paper, but did not, so far as the evidence discloses, cancel it.   The vital question is therefore, in my judgment, whether or not the transaction at the bank of Rahway amounted to a transfer or sale of those notes to Phillip Geyer, or whether it amounted to a payment of them.   If it was a payment in point of fact, it is quite clear that the plaintiff can have no action upon them.   The evidence bearing upon this question is not altogether satisfactory, but it is such that the referee seems to have been borne out in his conclusion upon this branch of the case.   In behalf of the plaintiff it is contended that, as a part of the transaction at the bank, there was received by the plaintiff a written assignment of a judgment recovered by the bank against the Geyer Bros., and that inferentially, at least, these notes formed a part of the consideration or cause of action resulting in that judgment.   The evidence upon this branch of the case is meager.   The judgment record in the action of the bank against Geyer Bros. is not before us.   All that is given in evidence is the assignment of the judgment itself.   That instrument contains a recital, in effect, that on the 20th day of January, in the year 1882, the bank recovered a judgment at the Union county circuit court against Frank Geyer and Phillip Geyer, partners trading as Geyer Bros., for the sum of $5,425.42 debt, and $4 costs of suit. This does not even raise an inference that these notes in question were part of the cause of action in that case.   Two of the notes could not have been embraced in that action; because bearing date October 17, 1881, at three months, they did not mature until after the date of the judgment, namely, the 20th day of January, 1882.   As to the note bearing date October 1, 1881, at three months, there is a total lack of evidence either way; and as the case was shaped at the trial, the burden of proof was upon the plaintiff to establish that these notes, or some of them, were the subject-matter of the judgment; and, having failed in that, no inference of a transfer from the bank to the plaintiff Adam Geyer can be drawn from the execution and delivery of the assignment of the judgment.   On the other hand, the testimony shows con-

clusively that the notes were not delivered by the bank to the plaintiff, but were delivered by it to Phillip Geyer, who retained them for several months before they came into the hands of the plaintiff. A preponderance of the evidence, in my judgment, shows that the transaction at the bank, after the maturity of the note, was a payment of them, and not a sale of them to the plaintiff. If this be so, it follows that the plaintiff, having received.them after maturity and after dishonor, can maintain no action thereon. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concur.